# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

THOMAS J. MOLONEY
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
HOWARD S. ZELBO
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ

DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON

MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

D: +1 (212) 225-2609
vhou@cgsh.com

August 17, 2020

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *United States v. Bob King*, 18 Cr. 308 (ALC)

Dear Judge Carter:

I was appointed under the Criminal Justice Act to represent the defendant Bob King in the above-captioned matter and I write in connection with a letter motion I intend to file requesting that the Court order the Metropolitan Correctional Center (the "MCC") to provide Mr. King with urgently-needed mental health care. The letter motion references sensitive mental health information about Mr. King and includes exhibits of both his medical records and counsel's correspondence with the MCC regarding Mr. King's current mental health symptoms. I respectfully request that Your Honor order that counsel's limited proposed redactions be applied to the letter motion and that the exhibits containing Mr. King's medical records and counsel's correspondence with the MCC be filed under seal pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). In connection with this request, I am simultaneously emailing to Your Honor's chambers and copying the Assistant U.S. Attorneys on this case (1) an unredacted copy of the letter motion with the proposed redactions highlighted, and (2) the unredacted exhibits containing Mr. King's medical records and counsel's correspondence with the MCC.

At common law and under the First Amendment, there is a general presumption in favor of public access to judicial documents. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d at 119. The Second Circuit has articulated a three-step process to determine whether documents should be placed under seal. First, a court must decide whether the documents constitute "judicial documents," which are documents "relevant to the performance of the

The Honorable Andrew L. Carter, p. 2

judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotations and citation omitted). Second, if the Court determines that the documents are judicial documents, the Court must then assess the weight of the presumption of access. *See Bernstein*, 814 F.3d at 141–42. And finally, the Court must "balance competing considerations" against the presumption of access, such as "the danger of impairing . . . judicial efficiency" and "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal citation omitted).

      Because Mr. King's mental health information is relevant to Your Honor's decision as to whether to order the MCC to provide mental health care to Mr. King, it constitutes a judicial document within the meaning of *Lugosch*. This information is highly personal, confidential, and sensitive. Where documents involve highly sensitive personal information, courts in the Second Circuit have recognized an inherent right to privacy and have permitted documents that implicate that right to be filed under seal. *See United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006) ("[T]here is a recognized privacy interest in medical records, although that privacy right is neither fundamental nor absolute."). This Court routinely allows criminal defendants to file sensitive medical records under seal. *See, e.g.*, *United States v. Daugerdas*, No. 1:09-cr-00581 (LTS), 2020 WL 2097653, at *3, n.2 (S.D.N.Y. May 1, 2020) (noting that defendant's Bureau of Prisons medical records were submitted under seal); *United States v. Estevez*, No. 1:18-cr-00669 (JPO), 2020 WL 1911207, at *1 (S.D.N.Y. Apr. 20, 2020) (noting that medical records were filed under seal).

      Counsel has proposed limited redactions to the letter motion concerning Mr. King's mental health history in consideration of the presumption of access to judicial documents. However, with respect to the exhibits containing Mr. King's medical records and counsel's correspondence with the MCC regarding Mr. King's current mental health symptoms, redaction will not suffice to address Mr. King's privacy interest as the entirety of these documents constitute highly sensitive personal information. Accordingly, I respectfully request that Your Honor order that the letter motion be filed with counsel's proposed redactions and that the supporting exhibits be filed under seal.

      Thank you for your consideration of this request.

Respectfully Submitted,

*/s/ Victor L. Hou*

Victor L. Hou

cc: All Counsel of Record (via ECF)

**The application is granted.
So Ordered.**

8/31/20