UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Bob King,

                *Defendant.*

**Protective Order**

**18 Cr. 308 (ALC)**

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Confidential Material.** The Government has made and will make disclosure to the defendants of documents, objects and information pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; or (ii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties

hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

2. Confidential Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses, including expert witnesses, for purposes of defending this action; and

(c) Such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon a defendant's motion.

These categories of persons shall be referred to as "Designated Persons."

3. Certain of the Confidential Information, referred to herein as "Highly Confidential Information," is any Confidential Material produced by the Government in this action bearing a Bates-stamp with the designation "Highly Confidential" or otherwise identified by the Government to counsel for the defendants as "Highly Confidential Information." The Government's designation of material as Highly Confidential Information will be controlling absent contrary order of the Court.

4. Restrictions on Highly Confidential Information are the same as Confidential Information, except that Highly Confidential Information may only be disclosed by counsel to the defendant for review in the presence of defense counsel or any member of the defense team (e.g., attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), for purposes related to this case. The

defendant shall not maintain, retain, or keep copies of any records containing Highly Confidential Information outside the presence of defense counsel. The defendant shall not make or retain any notes that include any Highly Confidential Information. Highly Confidential Information may be disclosed to Designated Persons, including expert witnesses, consistent with the terms of Confidential Information.

3. The Government may authorize, in writing, disclosure of Confidential Material and Highly Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

4. This Order does not prevent the disclosure of any information in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

5. Except for Confidential Material and Highly Confidential that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all such material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

6. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material and Highly Confidential Material. All such persons shall be subject to the terms of this Order. Defense counsel

shall maintain a record of what Confidential Material and Highly Confidential Material has been disclosed to which such persons.

7. The defendants and their counsel will not attach any Highly Confidential Information produced pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without prior notice to the Government. If the defense and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

**Retention of Jurisdiction**

8. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____  Date: April 27, 2021
Kyle A. Wirshba
Andrew A. Rohrbach
Assistant United States Attorneys

_____  Date: 4/27/21
Victor Hou
Counsel for Bob King

SO ORDERED:

Dated: New York, New York
       May 6, 2021

_____
THE HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE